Steven SCHLOTHAUER, Appellant,

v.

Jack G. ROBINSON, individually and as an officer of the Nebraska State Patrol; Gary Renner, individually and as an officer of the Nebraska State Patrol; and Richard Yeager, individually and as a member of the Scotts Bluff County Nebraska Sheriff's office, Appellees.

No. 84–1256.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 22, 1985.

Decided March 14, 1985.

Steven Schlothauer, pro se.

Gary D. Denton, Scottsbluff, Neb., and Patrick T. O'Brien, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Steven Schlothauer appeals from the district court's grant of a directed verdict in favor of Gary Renner, Jack Robinson and Richard Yeager. Schlothauer brought this 42 U.S.C. § 1983 action against Renner and Robinson, criminal investigators with the Nebraska State Patrol, and Yeager, a detective from the Scotts Bluff County sheriff's office, claiming that they violated his fourth amendment rights when they arrested him in his home without a warrant. The district court directed a verdict at the close of Schlothauer's case, after determining that the officers were immune from liability. We affirm.

In determining whether a directed verdict is proper, "the evidence, together with all reasonable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party," *SCNO Barge Lines, Inc. v. Anderson Clayton & Co.,* 745 F.2d 1188, 1192 (8th Cir.1984) (footnote omitted), and the directed verdict should be granted only when this evidence points one way and is susceptible of no reasonable inferences sustaining the nonmoving party's position, *id.* at 1192–93; *Decker-Ruhl Ford Sales, Inc. v. Ford Motor Credit Co.,* 523 F.2d 833, 836 (8th Cir. 1975).

Viewing the evidence in the light most favorable to Schlothauer, the record shows that on August 28, 1979, the officers went

to Schlothauer's home to arrest him after receiving a complaint that Schlothauer had abducted and raped a woman. Officer Robinson, accompanied by the other officers, knocked on the front door of the home, and when Schlothauer answered, Robinson announced that Schlothauer was under arrest for kidnapping and rape. Schlothauer asked to see Robinson's identification, and Robinson showed Schlothauer his badge. Schlothauer asked whether the officers had an arrest or search warrant, and when they told him they did not, Schlothauer closed the door. The officers then forced open the door, entered Schlothauer's home, and completed the arrest.

■ It is now clearly established that the fourth amendment prohibits a warrantless entry into a suspect's home to make a routine felony arrest absent consent or exigent circumstances. *Steagald v. United States,* 451 U.S. 204, 211–12, 101 S.Ct. 1642, 1647, 68 L.Ed.2d 38 (1981); *Payton v. New York,* 445 U.S. 573, 586–90, 100 S.Ct. 1371, 1380–82, 63 L.Ed.2d 639 (1980). Further, 42 U.S.C. § 1983 provides a civil remedy for deprivation of a federally protected right caused by a person acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

■ Police officers, however, are afforded qualified immunity from liability in suits brought under 42 U.S.C. § 1983. *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967). They "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See also Procunier v. Navarette,* 434 U.S. 555, 562, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1978); *Garmon v. Foust,* 741 F.2d 1069, 1071 (8th Cir.1984).

[T]he judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful.

*Harlow,* 457 U.S. at 818, 102 S.Ct. at 2739 (footnote omitted). Although *Harlow* did not involve an action under 42 U.S.C. § 1983, we have recognized that the immunity standards announced in that case also apply to section 1983 actions. *Garmon,* 741 F.2d at 1071–72. *See Harlow,* 457 U.S. at 818 n. 30, 102 S.Ct. at 2738 n. 30.

■ At the time of Schlothauer's arrest in 1979, there was no "clearly established" law that a warrantless entry into a suspect's home to make a routine felony arrest violated the fourth amendment. Nebraska law provided that a police officer may arrest a person without a warrant if the officer has reasonable cause to believe that the person committed a felony, Neb.Rev. Stat. § 29–404.02 (1979), and "when authorized to make an arrest for a felony without a warrant, the officer may break open any outer or inner door or window of a dwelling house * * * if, after notice of his office and purpose, he is refused admittance * * *." Neb.Rev.Stat. § 29–411 (1979).

Eleven days before Schlothauer's arrest, this court held that a warrantless arrest of a defendant in his home, in the absence of exigent circumstances, violated the fourth amendment. *United States v. Houle,* 603 F.2d 1297, 1300 (8th Cir.1979). We noted in *Houle,* however, that the Supreme Court had yet to decide this issue. *Id.* at 1298 n. 1. Although the Supreme Court later held that such arrests violate the fourth amendment, *Payton,* 445 U.S. at 590, 100 S.Ct. at 1382, the Court noted that this "important constitutional question * * * has been expressly left open in a number of our prior opinions." *Id.* at 574, 100 S.Ct. at 1374. Thus we cannot say that the law was

**198**

"clearly established" at the time of Schlothauer's arrest.

Because the officers acted in accordance with Nebraska law, and because police officers are not charged with predicting the future course of constitutional law, *Pierson v. Ray*, 386 U.S. at 557, 87 S.Ct. at 1219, we conclude that the district court properly directed a verdict in this case.

Accordingly, the judgment of the district court is affirmed.