815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude Junior GALYON; Jerry W. Shelton; Earl Hurst; Larry
H. Hurst; Steven K. Spurgeon; Shirley A. McGaha;
Danny Hurst; Bruce Holt and Jimmy
Spurgeon, Plaintiffs-Appellees,
v.
Lamar ALEXANDER, Defendant,
and
Gus Wood and Lonnie Hood, Defendants-Appellants
 No. 86-5351.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1987.
 
 Before ENGEL, NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an interlocutory appeal from the district court's denial of a summary judgment motion asserting the defense of qualified immunity. Summary judgment ought to have been granted, in our opinion, and we shall reverse the district court's decision denying it.
 
 
 2
 The plaintiffs in this case suffered the indignity of having their motor vehicles seized pursuant to Tennessee Code Annotated Sec. 55-5-108(b)(1). T.C.A. Sec. 55-5-108(b)(1) declares that vehicles with altered or defaced identification numbers are contraband, subject to seizure and forfeiture to the state. Plaintiffs' brought this action to obtain a declaratory judgment as to the constitutionality and application of the statute. A claim for damages under 42 U.S.C. Sec. 1983 was also advanced, on the theory that there had been unconstitutional searches and seizures and violations of the due process clause.
 
 
 3
 Each plaintiff asserts that his vehicle was seized by Tennessee Department of . Safety Criminal Investigator Lonnie Hood, acting without a warrant and without probable cause or consent. Hood seized the vehicles "pursuant to Tennessee Code Annotated 55-5-108 and 55-5-108(4)(b)(1) "[sic], allegedly acting outside the scope of his authority but under the supervision and direction of the Commissioner of the Department of Safety, Gus Wood. The complaint further alleges that each vehicle was permanently confiscated after an unconstitutional administrative hearing that "was not an impartial hearing before an independent tribunal as required under the due process clause of the 14th and 15th [sic] Amendments ...." The complaint named as defendants the Governor and Attorney General of the State of Tennessee, as well as Commissioner Wood and Criminal Investigator Hood. Wood was named in his official and personal capacity; Hood only in the latter capacity.
 
 
 4
 The district court denyed plaintiffs' motion for summary judgment, stating in the course of its opinion, however, that it read T.C.A. Sec. 55-5-Sec. 108(b)(1) as relating only to the automobile parts industry and thus as not permitting seizure of vehicles held by private citizens.
 
 
 5
 The district court thereafter dismissed the Governor and the Attorney General of Tennessee, but declined to grant summary judgment in favor of defendants Wood and Hood. The court's order acknowledged that the defendants "may argue at trial for qualified good faith immunity based on interpretations of the state statute [T.C.A. Sec. 55-5-108]."
 
 
 6
 Subsequent to that order defendants Wood and Hood filed supplemental memoranda arguing that T.C.A. Sec. 55-5-108(b)(1) applied to all persons, not only those in the business of buying or selling used automobile parts. Defendant Hood requested only partial summary judgment, admitting that there was still an issue of fact as to whether each plaintiff actually consented to the search of his vehicle. Commissioner Wood maintained he was entitled to summary judgment because he had no knowledge of the searches and seizures carried out by Lonnie Hood and had merely interpreted the statute as permitting the seizure of private individuals' vehicles. The district court was not persuaded by the defendants' arguments, even though a Tennessee Chancery Court had recently interpreted the statute as permitting seizure and forfeiture of private individuals' vehicles.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 Plaintiffs have moved to dismiss the appeal on the theory that because equitable relief is requested in addition to damages, the rule of Mitchell v. Forsyth, 86 L.Ed.2d 411 (1985), permitting interlocutory appeals regarding claims of qualified immunity, does not apply. This circuit recently rejected such a restrictive interpretation of Mitchell v. Forsyth, and we will therefore consider the merits. See Kennedy v. City of Cleveland, 797 F.2d 297, 305-6 (6th Cir. 1986).
 
 
 10
 Government officials are entitled to qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). If the law at the time of the claimed violation "was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." Id.
 
 
 11
 Plaintiffs' complaint alleges that Hood's actions in seizing the vehicles were "under the supervision and direction of defendant, Gus Wood ...." As far as Commissioner Wood is concerned, however, even "if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." Mitchell v. Forsyth, 86 L.Ed.2d 411, 425 (1985).
 
 
 12
 Commissioner Wood's deposition testimony, which stands uncontradicted, was that he was not even aware of the seizure of the plaintiffs' vehicles until notified that he would be deposed in this case. Wood stated that he had no prior contact with Lonnie Hood and had given no orders regarding the seizure and forfeiture of plaintiffs' vehicles. Commissioner Wood was simply not connected to Hood's actions, and is entitled to judgment on that basis. Ghandi v. Police Department of the City of Detroit, 747 F.2d 338, 344-46 (6th Cir. 1984).
 
 
 13
 Commissioner Wood's only possible link to this law suit is that he interpreted T.C.A. Sec. 55-5-108(b)(1) as authorizing seizure of private individuals' vehicles. Initially we point out that if Commissioner Wood's interpretation of the statute were incorrect as a matter of state law, the violation of state law would not be cognizable under 42 u.S.C. Sec. 1983. Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985). Nor would commissioner Wood be deprived of qualified immunity with respect to plaintiffs' federal constitutional claims. Davis v. Scherer, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision.") Rather, the relevant question is whether Commissioner Wood violated "clearly established constitutional or federal statutory rights" by interpreting T.C.A. Sec. 55-5-108(b)(1) as applying to private individuals. Pollnow, 757 F.2d at 501 (emphasis in original).
 
 
 14
 Forfeiture statutes are frequently applied to property held by private individuals, e.g., United States v. One 1975 Mercedes 280S, 590 F.2d 196 (6th Cir. 1978); United States v. Twenty Thousand Seven Hundred Fifty-Seven Dollars and Eighty-Three Cents ($20,757.83) Canadian Currency, 769 F.2d 479 (8th Cir. 1985), and we do not believe Wood's interpretation of the Tennessee statute can be said to violate any "clearly established" constitutional right. Commissioner Wood is therefore clothed with qualified immunity.
 
 
 15
 Our conclusion on immunity is buttressed by the history of SS55-5-108(b)(1), which is relevant to the immunity question because it is unlikely that a state official would be violating a "clearly established" federal right by merely following the dictates of the state legislature. If Commissioner Wood's interpretation of the Tennessee statute was reasonable, as we believe it was in light of the statutory history, that fact provides further support for qualified immunity.
 
 
 16
 As of 1981 the predecessor to Sec. 55-5-108(b)(1) was found at T.C.A. Sec. 55-5-108(e) (1981). Under the 1981 version, seizure of a vehicle with an altered serial or other identification number was authorized under Tennesse law if the vehicle was "located at an automobile dismantler's lot, salvage lot or other similiar establishment ...." In an amendment adopted in 1982, however, that limiting language was rather conspicuously omitted. The relevant section, now denominated T.C.A. Sec. 55-5-108(b)(1), read as follows at the time pertinent here:
 
 
 17
 "Any vehicle or component part thereof on which the manufacturer's serial number, engine number, transmission number, vehicle identification number, or other distinguishing number or identification mark has been removed, defaced, covered, altered, destroyed, or otherwise rendered unidentifiable is hereby declared to be contraband and subject to forfeiture to the state. It shall be the duty of the commissioner of revenue or his designee and of any other state, county, or municipal law enforcement officer when he has reason to believe that a vehicle or a component part of a vehicle constitutes contraband under this section to seize and impound or otherwise take custody of the vehicle or component part on behalf of the department of revenue." T.C.A. Sec. 555-108(b)(1) (1982).
 
 
 18
 Deletion of the limiting language, under normal rules of statutory construction, indicates that after the 1982 amendment became effective Tennessee law authorized seizure of a vehicle even if not owned by a business establishment such as an auto salvage lot.
 
 
 19
 In reaching the opposite conclusion the district court may have been led astray by the relettering of Sec. 55-5-108, which for a time perhaps erroneously suggested that Sec. 555-108(b)(1) was limited to those in the auto parts business. This error has been corrected by the Tennessee Code Commission (contrast T.C.A. Sec. 55-5-108(a)(4) (1985) with T.C.A. Sec. 55-5-108(a)(4) (1986)). An additional 1986 amendment to Sec. 55-5-108(b)(1) resolving the issue in Wood's favor confirms our view that it was not unreasonable for Wood to conclude previously that the subsection applied to "all persons" and not simply auto parts dealers. T.C.A. Sec. 55-5-108(b)(1) (1986); 1986, ch. 900, SSl.
 
 
 20
 Because Commissioner Wood was reasonably interpreting the intent of the Tennessee legislature, he is entitled to qualified immunity; state officials should not be exposed to liability for following the commands of state law. Evers v. County of Custer, 745 F.2d 1196, 1203 (9th Cir. 1984); Schlothauer v. Robinson, 757 F.2d 196 (8th Cir. 1985); LeSavage v. White, 755 F.2d 814, 821 (11th Cir. 1985).
 
 
 21
 Plaintiffs advance a subsidiary constitutional challenge to the forfeiture hearing in which it was determined that the vehicles were contraband. The plaintiffs' complaint charges that the hearing violated due process because it was not held before an independent and impartial tribunal, but there is no suggestion that the hearing officer, Roger Hutto, was in fact biased. Rather, the claim is that since Hutto was an attorney for the Tennessee Department of Safety, due process demanded that he not act as the hearing officer at the forfeiture proceeding initiated by that department. The claim has no merit; agency officials may properly sit as hearing officers on charges brought by their own agency. As the Supreme Court explained in Withrow v. Larkin, 421 U.S. 35, 52 (1975), "case law, both federal and state, generally rejects the idea that the combination [of] judging [and] investigating functions is a denial of due process." (quoting 2 K. Davis, Administrative Law Treatise Sec. 13.02).
 
 
 22
 * * *
 
 
 23
 * * *
 
 
 24
 The foregoing likewise applies to Criminal Investigator Hood. His interpretation that T.C.A. Sec. 55-5-108(b)(1) applied to all individuals was reasonable and did not violate any clearly established constitutional right. Hood admits, however, that he did not have a warrant to search the vehicles, and claims he relied upon the consent of the owners to conduct his inspection. As Hood concedes, the consent question is contested and remains to be tried. In the absence of consent or a warrant, T.C.A. Sec. 55-5-108(b)(1) does not authorize searches of vehicles to determine whether they are contraband.
 
 
 25
 Accordingly, the judgment is REVERSED and the case is REMANDED with instructions to dismiss the action as to Wood and to conduct such further proceedings with respect to Hood as are not inconsistent with this opinion.