**Thomas RHEA, Plaintiff,**

v.

**Jerry UMFLEET, Keith DeSpain, and Marilyn McFarland, Defendants.**

**No. S87–106C(5).**

United States District Court,
E.D. Missouri,
Southeastern Division.

Feb. 17, 1988.

Thomas Rhea, pro se.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., for defendants.

## ORDER

LIMBAUGH, District Judge.

This matter is before the Court on defendants' motions to dismiss plaintiff's complaint. Plaintiff Thomas Rhea was arrested on September 18, 1986 in Fredericktown, Missouri and charged with unlawful use of a weapon. The arresting officer, defendant Keith DeSpain, seized the weapon, a Winchester Model 94 rifle, and delivered it to the Chief of Police, defendant Jerry Umfleet, to be retained by him as evidence in the case.

Following plaintiff's conviction on February 24, 1987, Umfleet held the rifle for several weeks until it was determined that plaintiff would not appeal the decision. During this time, on March 18, 1987, plaintiff attempted to file a replevin action in the municipal court for the City of Fredericktown. Defendant Marilyn McFarland, the city collector and clerk of the municipal court, refused to accept for filing plaintiff's replevin action until she could consult with the city attorney because she did not believe she could properly accept papers seeking civil relief in municipal court.

On March 24, 1987 after it was determined that no appeal would be filed, Umfleet wrote a letter to plaintiff advising him that the gun could be returned to him. Plaintiff went to the police station and claimed the gun on March 26, 1987. Plaintiff filed this action alleging violations of his constitutional rights in that defendants DeSpain and Umfleet deprived plaintiff of his right to keep and bear arms, and defendant McFarland failed to file plaintiff's replevin action, thereby depriving him of access to the courts. All defendants have filed separate motions to dismiss. However, since defendants have also included supporting affidavits, the Court will consider defendants' motions to dismiss as motions for summary judgment, which will be disposed of pursuant to Fed.R.Civ.P. 56.

Defendants Umfleet and DeSpain contend they are entitled to qualified immunity, because they acted on the advice of the city attorney and the good faith belief that their actions were reasonable and required by law. The Eighth Circuit has held that law enforcement officers are entitled to qualified immunity in § 1983 actions when they acted with a good faith and had reasonable grounds to believe that their actions were proper. *Schlothauer v. Robinson*, 757 F.2d 196, 197 (8th Cir.1985); *Harris v. Pirch*, 677 F.2d 681, 686 (8th Cir. 1982).

The actions of the law enforcement officers here certainly fall within the category of protected activity. The taking of the gun by Officer DeSpain at the time of arrest, and the holding of the gun by Chief Umfleet pending trial, were normal actions that are taken by law enforcement officers across the country every day. It is inconceivable that this type of activity could give rise to civil liability.

Similarly, plaintiff's complaint against Marilyn McFarland is without merit. She had no duty, nor the authority, to accept for filing plaintiff's civil action in municipal court. It has long been held the court clerks, including Ms. McFarland, are entitled to the same immunity as judges. *Davis v. McAteer*, 431 F.2d 81, 83 (8th Cir.1970).

Accordingly,

IT IS HEREBY ORDERED that all defendants' motions to dismiss are SUS-

TAINED. This action is DISMISSED with prejudice.