# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 96-1916

————————

David Rogers; Janice M. Rogers,   *
                                *
           Appellants,     *
                                *
    v.                      *
                                *   Appeal from the United States
Bobby Carter, individually and   *   District Court for the
in his Official Capacity as a    *   Eastern District of Arkansas
Forrest City Police Officer;     *
City of Forrest City, Arkansas,  *
                                *
           Appellees.     *

————————

Submitted: April 18, 1997

Filed: January 20, 1998

————————

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

————————

McMILLIAN, Circuit Judge.

David Rogers and Janice Rogers (together "appellants"), brother and sister, appeal from a final judgment entered in the United States District Court for the Eastern District of Arkansas dismissing their claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as pendent state law claims, against Bobby Carter, the Forrest City Police Department, and the City of Forrest City, Arkansas (the City) (collectively

"appellees"). <u>Rogers v. Carter</u>, No. H-C-95-027 (E.D.Ark. Mar. 25, 1996) (judgment). For reversal, appellants argue that the district court erred in: (1) dismissing appellants' claims under 42 U.S.C. §§ 1985 and 1986, and their First, Fifth, Eighth, and Fourteenth Amendment claims under 42 U.S.C. § 1983 for failure to state a claim; (2) dismissing the Forrest City Police Department as a party defendant; (3) granting summary judgment for Bobby Carter and the City on the merits of David Rogers' Fourth Amendment unlawful arrest claim under § 1983; and (4) holding, in the alternative, that Bobby Carter and the City are entitled to qualified immunity on David Rogers' Fourth Amendment unlawful arrest claim. Appellants also maintain that the district court abused its discretion in dismissing their pendent state law claims.[1] For the reasons discussed below, we affirm in part, reverse in part, and remand the case to the district court for further proceedings consistent with this opinion.

### Jurisdiction

Jurisdiction was proper in the district court based upon 28 U.S.C. §§ 1331, 1343(a), 1367(a). Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed under Fed. R. App. P. 4(a).

### Background

The following statement of facts is based upon the district court's order of March 25, 1996, and appellees' statement of undisputed material facts submitted in support of their motion for summary judgment. <u>See</u> slip op. at 2-3, 5-6 & n.3 (Mar. 25, 1996) (setting forth background facts and adopting as uncontroverted the statement

---

[1]Appellants have not argued, in conformance with Fed. R. App. P. 28(a)(6), that the district court erred in dismissing: Janice Rogers' Fourth Amendment unlawful arrest claim under 42 U.S.C. § 1983; either of appellants' Fourth Amendment excessive force claims under § 1983; or either of appellants' state law false arrest claims. Accordingly, those issues are deemed to be waived on appeal.

of undisputed material facts filed in support of appellees' motion for summary judgment); Appellees' Appendix at 1-6 (statement of undisputed material facts).

On September 23, 1994, Janice Rogers was living in an apartment in an apartment complex in Forrest City, Arkansas. Her brother, David Rogers, a sergeant in the United States Army, was visiting her. Janice Rogers and David Rogers are African-American. On the date in question, David Rogers and a friend were at Janice Rogers' apartment, and Janice Rogers was not at home. The apartment door was open and music was playing inside the apartment. Sarah Carter, the apartment complex manager, asked them to lower the volume of the music or close the apartment door. An altercation between Sarah Carter and David Rogers ensued, after which Sarah Carter called the police. Moments later, Sarah Carter's husband, Bobby Carter, arrived. After talking with his wife, Bobby Carter approached David Rogers, who at that time was standing outside the door to Janice Rogers' apartment. Bobby Carter, a lieutenant with the Forrest City Police Department, verbally identified himself as a police officer and began questioning David Rogers. Bobby Carter was dressed in plain clothes. David Rogers requested to see Bobby Carter's police identification. Bobby Carter did not produce a badge or any other indicia of authority as a police officer, but again verbally stated that he was a police officer. David Rogers refused to answer Bobby Carter's questions and turned to go back into the apartment. Bobby Carter grabbed David Rogers by the shirt, at which point Rogers "body-slammed" Carter to the ground, walked into the apartment, and locked the door. Bobby Carter got up from the ground, pulled out his revolver, and kicked open the apartment door. David Rogers surrendered upon seeing the firearm. Bobby Carter held the cocked revolver to David Rogers' head and ordered Rogers to exit the apartment. As David Rogers exited the apartment, Bobby Carter pushed him to the ground, sat on his back, and pulled Rogers' hands up behind his back. While Bobby Carter was on David Rogers' back, still holding the gun to David Rogers' head, Janice Rogers arrived on the scene. She observed Bobby Carter on her brother's back, holding a gun to her brother's head. She began yelling at Bobby Carter to get off of her brother and to get the gun away from

him. Police officers arrived at the scene almost simultaneously with Janice Rogers and placed David Rogers and Janice Rogers under arrest. Appellants were each arrested on charges of disorderly conduct, and David Rogers was additionally charged with resisting arrest, fleeing, and battery.

On September 26, 1994, a state circuit court judge found probable cause to arrest David Rogers on the offense of disorderly conduct and issued a warrant for his arrest. On October 3, 1994, David Rogers was convicted of disorderly conduct in municipal court. His conviction was later overturned in state circuit court.

Appellants filed the present action in federal district court asserting federal claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and pendent state law claims of false arrest, excessive force, assault, battery, libel, slander, negligence, and intentional infliction of emotional distress. By order dated August 22, 1995, the district court dismissed appellants' claims pursuant to 42 U.S.C. §§ 1985 and 1986, dismissed all of their claims pursuant to 42 U.S.C. § 1983 except their Fourth Amendment claims, dismissed all of their state law claims except their false arrest claims, and dismissed the Forrest City Police Department as a party defendant. By order dated March 25, 1996, the district court granted summary judgment for Bobby Carter and the City on the merits of appellants' state law false arrest claims and on the merits of appellants' remaining § 1983 claims which alleged unlawful arrest and excessive use of force under the Fourth Amendment; in the alternative, the district court held that Bobby Carter and the City were entitled to qualified immunity on appellants' Fourth Amendment claims. This appeal followed.

## Discussion

We begin with the district court's summary judgment dismissal of David Rogers' Fourth Amendment claim, brought pursuant to 42 U.S.C. § 1983, asserting that Bobby Carter unlawfully arrested him without probable cause. After

dismissing most of appellants' other claims and dismissing the Forrest City Police Department as a party defendant, the district court held that there were no genuine issues of material fact and that Bobby Carter and the City were entitled to judgment as a matter of law on David Rogers' Fourth Amendment unlawful arrest claim because Bobby Carter had arguable probable cause to arrest David Rogers for at least fleeing and disorderly conduct. See slip op. at 6 & nn.4, 5 (Mar. 25, 1996).

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. Mayard v. Hopwood, 105 F.3d 1226, 1227 (8th Cir. 1997). We will affirm the district court's decision if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 1227-28. We accept as true the nonmoving party's account of the facts where there are material inconsistencies. See id. at 1228. In the present case, however, the following material facts are not disputed. David Rogers was residing with his sister, Janice Rogers, at the time of the events in question. During the confrontation between David Rogers and Bobby Carter, Carter was in plain clothes and never showed a police badge to Rogers, despite Rogers' specific request to see identification. David Rogers used physical force only after he was grabbed by Bobby Carter while he (Rogers) was walking away. David Rogers threw Bobby Carter to the ground, then retreated into the apartment and locked the door. Thereafter, Bobby Carter drew his gun, kicked in the locked door, and arrested David Rogers at gunpoint.

Appellees maintain that the district court properly granted summary judgment on the merits of David Rogers' unlawful arrest claim because: (1) David Rogers was convicted of disorderly conduct in municipal court, which is a complete defense to David Rogers' claim of lack of probable cause to arrest, and (2) there was arguable probable cause to arrest David Rogers for disorderly conduct, resisting arrest, battery, or fleeing. We disagree.

We first reject appellees' specious argument that the conviction of David Rogers in municipal court is a complete defense to Rogers' Fourth Amendment unlawful arrest claim. Appellees cite Malady v. Crunk, 902 F.2d 10, 11 (8th Cir. 1990), for the proposition that "where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause." David Rogers' municipal court conviction was later overturned in state circuit court following a trial on the merits. See City of Forrest City v. Rogers, No. CR-94-530, transcript at 126 (Cir. Ct. St. Francis County Mar. 7, 1995) (found in Appellants' Appendix at 161). Malady v. Crunk does not apply in the present case where the initial "conviction" was subsequently overturned upon a finding of innocence following a trial on the merits in a court of competent jurisdiction.

We also disagree with appellees' argument that there was arguable probable cause for Bobby Carter to arrest David Rogers for disorderly conduct, resisting arrest, battery, or fleeing. As stated above, Bobby Carter, the husband of the apartment complex manager with whom David Rogers had just argued, appeared at David Roger's doorstep dressed in plain clothes. He neither wore nor produced a badge or any other indicia of authority as a police officer, even after Rogers specifically asked to see identification. Bobby Carter did nothing more than declare himself a police officer. Under these circumstances, David Rogers would have no reason to know that Bobby Carter was a police officer. David Rogers' decision to retreat into the apartment was prudent and lawful. By contrast, Bobby Carter's initiation of physical contact was unjustified. We reject Bobby Carter's arguments that David Rogers' forceful, yet limited, response to Bobby Carter's initial act of aggression could constitute disorderly conduct, resisting arrest, or battery upon a law enforcement officer, or that Rogers' subsequent retreat into the apartment could constitute fleeing under Arkansas state law.

Even if Bobby Carter did have probable cause to arrest David Rogers (which he did not), it still would have been erroneous for the district court to grant summary judgment in favor of Bobby Carter and the City because Bobby Carter's purported

arrest of David Rogers was an unlawful warrantless home arrest. In <u>Payton v. New York</u>, 445 U.S. 573 (1980), the Supreme Court held that probable cause is not an adequate basis to permit a warrantless arrest in the home in the absence of exigent circumstances. Quoting from a decision of the Second Circuit, the Supreme Court explained:

> "To be arrested in the home involves not only the invasion attendant to all arrests but also an invasion of the sanctity of the home. <u>This is simply too substantial an invasion to allow without a warrant, at least in the absence of exigent circumstances, even when it is accomplished under statutory authority and when probable cause is clearly present</u>."

> We find this reasoning to be persuasive and in accord with this Court's Fourth Amendment decisions.
> . . . .
> The Fourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home--a zone that finds its roots in clear and specific constitutional terms: "The right of the people to be secure in their . . . houses . . . shall not be violated." That language unequivocally establishes the proposition that "[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.

<u>Id.</u> at 588-89 (citations omitted) (emphasis added).

Five years later, in 1985, this court stated "[i]t is now clearly established that the [F]ourth [A]mendment prohibits a warrantless entry into a suspect's home to make a

routine felony arrest absent consent or exigent circumstances." Schlothauer v. Robinson, 757 F.2d 196, 197 (8th Cir. 1985) (per curiam) (citing Steagald v. United States, 451 U.S. 204, 211-12 (1981); Payton v. New York, 445 U.S. at 586-90); see also United States v. Duchi, 906 F.2d 1278, 1282 (8th Cir. 1990) ("[t]he exigent-circumstances requirement applies even when, as in this case, probable cause for the arrests clearly exists"). Clearly, there was no consent in this case because the arrest was conducted by means of a forced entry, with gun drawn. Moreover, under the Fourth Amendment, Bobby Carter's arrest of David Rogers in Janice Rogers' apartment is treated in the same manner as if it had occurred in David Rogers' own home. See Haley v. Armontrout, 924 F.2d 735, 736 (8th Cir.) ("[i]t is, of course, well-settled that, absent exigent circumstances, an arrest warrant is required in order to arrest a suspect in his home or in any private place in which the suspect has a legitimate expectation of privacy as a guest or otherwise"), cert. denied, 502 U.S. 842 (1991). Under well-established law, therefore, Bobby Carter's actions violated David Rogers' Fourth Amendment rights unless appellees can show that there were exigent circumstances in the present case requiring a warrantless home arrest.

In United States v. Duchi, this court explained that "[t]he warrant requirement is suspended when--in the press of circumstances beyond a police officer's control--lives are threatened, a suspect's escape looms, or evidence is about to be destroyed." 906 F.2d at 1282. We hold, as a matter of law, that no such exigent circumstances existed in the present case. First, as explained above, David Rogers' decision to retreat into the apartment and lock the door was both prudent and lawful under the facts of this case because, objectively-speaking, Bobby Carter appeared under the circumstances to be no more than a friend or relative of the apartment complex manager. There is no basis for finding that David Rogers was or reasonably appeared to be a suspect whose escape was imminent. Nor is there any basis whatsoever for finding that David Rogers was or appeared to be a threat to anyone at the time Bobby Carter kicked in the locked door to arrest him. At that point, David Rogers had already retreated into the apartment. Clearly, there was no issue in this case concerning

destruction of evidence.  Finally, even assuming that David Rogers had committed the offense of disorderly conduct because he had allegedly played loud music, that violation itself does not establish exigent circumstances to justify a warrantless home arrest because it was an extremely minor offense, and any reasonable officer would have known that to be true.  See Welsh v. Wisconsin, 466 U.S. 740, 752-54 (1984) ("it is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor").

Accordingly, we hold that the district court erred in granting summary judgment for Bobby Carter and the City on the merits of David Rogers' Fourth Amendment unlawful arrest claim.

In the alternative, the district court held that Bobby Carter and the City are entitled to qualified immunity on David Rogers' Fourth Amendment unlawful arrest claim.  Slip op. at 10 (Mar. 25, 1996).  The qualified immunity doctrine shields state actors from personal liability where their actions, though unlawful, are nevertheless objectively reasonable in light of the clearly established law at the time of the events in question.  Anderson v. Creighton, 483 U.S. 635, 638-39 (1987) ("whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken") (citations omitted).

In the present case, Bobby Carter is credited with knowing the clearly established law that the Fourth Amendment prohibits, absent exigent circumstances, a warrantless forced entry into the home to effectuate an arrest.  See Schlothauer v. Robinson, 757 F.2d at 197.  That assumption, however, does not end our inquiry.  The question now before us is whether Bobby Carter could have "reasonably but mistakenly" concluded that exigent circumstances were present based upon the information he possessed at the time.  Anderson v. Creighton, 483 U.S. at 640-41

(holding that law enforcement officers should not be held liable if they reasonably but mistakenly concluded that exigent circumstances justified warrantless home search). We emphasize that "[t]he relevant question . . . is the objective (albeit fact-specific) question." Id. at 641. Thus, although Bobby Carter may have believed that exigent circumstances existed to justify his forced entry and warrantless arrest of David Rogers in the apartment, his *subjective* beliefs about the lawfulness of his conduct are irrelevant. Id.

As we have already explained, we are of the firm conviction that, under the specific facts of this case, no officer in Bobby Carter's position -- possessing the same information he possessed -- could have reasonably believed that exigent circumstances existed to justify the warrantless home arrest of David Rogers, as that arrest was effectuated by means of a forced entry with gun drawn.[2] In fact, it is our opinion that no officer in Bobby Carter's position could have reasonably believed that probable cause existed to arrest David Rogers at all. Accordingly, we hold that the district court erred in concluding, in the alternative, that Bobby Carter and the City are entitled to qualified immunity on David Rogers' Fourth Amendment unlawful arrest claim.

**Conclusion**

---

[4]We recognize that appellees have not specifically addressed the application of the exigent circumstances requirement in the qualified immunity context, although they certainly have had an opportunity to do so in light of Anderson v. Creighton, 483 U.S. 635 (1987). In any case, the relevant underlying facts have been well-developed through discovery, and, because Bobby Carter's actions may now be assessed in light of essentially undisputed facts, there are no impediments to disposing of this qualified immunity issue at the present time. Cf. id. at 647 n.6 (reversing Court of Appeals' holding that qualified immunity did not apply and remanding the case for consideration of that issue or, if necessary, for further discovery to ascertain the underlying facts relevant to the qualified immunity inquiry where no discovery had been conducted and the defendant had not had an opportunity to assert a qualified immunity argument based upon his alleged objectively reasonable belief that exigent circumstances existed to justify a warrantless home search).

-10-

We have carefully examined each of the remaining contentions which have been properly raised on appeal, and we find them to be without merit. There being no need for further discussion of the issues, the judgment of the district court is reversed insofar as the district court granted summary judgment for Bobby Carter and the City on David Rogers' Fourth Amendment unlawful arrest claim. The judgment of the district court is affirmed in all other respects. The case is remanded to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-