**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Caliph D. BANKS, a/k/a Leroy, a/k/a Kay, Defendant–Appellant.**

**No. 92–6666**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 1, 1993.

William J. Brower, Birmingham, AL, for defendant-appellant.

Jack W. Selden, U.S. Atty., Michael Whisonant and Carolyn W. Steverson, Birmingham, AL, for plaintiff-appellee.

Before HATCHETT, COX and BIRCH, Circuit Judges.

PER CURIAM:

This appeal presents the question of whether an Express Mail package can be detained constitutionally until probable cause for a search warrant is established. The district court denied a motion to suppress the package. We AFFIRM.

## I. BACKGROUND

On January 17, 1992, a narcotics investigator with the Huntsville Police Department met with a confidential informant, whose past information had led to arrests and convictions of drug dealers. The informant gave the investigator a delivery notice for an Express Mail package that originated in Houston, Texas, and was addressed to Jay Rovey at 2908 8th Avenue, Huntsville, Alabama. The informant told the investigator that he knew the individuals who had sent the package, and that the U.S. Postal Service had attempted delivery of the package that day. Believing that the package contained cocaine, the informant gave the investigator a similar package that he had received. He stated that defendant-appellant Caliph D. Banks, or "Kay," had sent cocaine through the mail in the past. He further explained that associates of the addressee previously had mailed cocaine from Houston to Huntsville, and then had driven from Houston to Huntsville to receive the cocaine.

Based on this information, the investigator met with a postal inspector, who verified that a package meeting the informant's description was in the Express Mail and that delivery had been attempted. A narcotics canine

gave a positive alert to the package. All of this information was incorporated into an affidavit seeking a search warrant for the Express Mail package. A federal magistrate issued a search warrant. The package was opened and found to contain approximately 106.4 grams of powder cocaine and 45.6 grams of cocaine base.

The package was resealed and a second delivery notice, advising that the package could be obtained from the West Station Post Office on Saturday, January 18, 1992, from 9:00 A.M. to noon, was left at the 2908 8th Avenue address in Huntsville. On January 18, 1992, a team of federal and local officers maintained surveillance at the post office branch. At approximately 11:30 A.M., Banks and his cousin, codefendant David Wayne Milladge, arrived at the post office in a van with a Texas license plate. Banks came into the post office, presented and signed the delivery slip, and obtained the package. Banks was arrested as he exited the post office; Milladge also was arrested.

Banks and other codefendants were indicted for conspiracy to distribute cocaine and cocaine base as well as possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Milladge and another codefendant pleaded guilty. Banks proceeded to trial. On the first day of trial, Banks filed a motion in limine, or in the alternative, to suppress evidence obtained by the search warrant. The district judge denied the suppression motion.

Milladge, who had cooperated with the government, testified that he drove to Huntsville with Banks and observed him collecting money from various people for cocaine sales. Milladge, a Houston resident, also testified that, before the January 18, 1992 trip, he was paid $100 for going to Huntsville and driving Banks back to Houston. Milladge testified that Banks employed several men to distribute drugs for him. Another codefendant, who also cooperated with the government, testified that he had purchased cocaine from Banks and that he had received cocaine through the mail from Banks. Banks's motion for judgment of acquittal made at the conclusion of the government's case was denied.

Banks was convicted, and the government requested an upward departure in his sentencing. He was sentenced to 235 months of imprisonment, five years of supervised release, a $5,000 fine, and a $100 assessment fee. Banks is incarcerated.

## II. DISCUSSION

On appeal, Banks contends that the district judge erroneously denied his suppression motion because the initial detention of the Express Mail package was unlawful, since the narcotics investigator gave insufficient facts to the post office for initial detention of the package, and the positive alert of the canine could not be used to provide probable cause for issuance of the search warrant. Since motions to suppress evidence involve mixed questions of fact and law, district court factual findings are reviewed under the clearly erroneous standard, while the law applied to the facts is reviewed *de novo*. *United States v. Franklin*, 972 F.2d 1253, 1256 (11th Cir.1992). There is no issue on appeal regarding the facts of this case. Our review concerns the detention of the Express Mail package prior to obtaining a search warrant and the use of the positive alert of the dog as probable cause to acquire the search warrant.

The Supreme Court has held that no Fourth Amendment privacy interest in first-class mail is invaded by detaining such mail based on facts that create reasonable suspicion until a search warrant can be obtained. *United States v. Van Leeuwen*, 397 U.S. 249, 252–53, 90 S.Ct. 1029, 1032–33, 25 L.Ed.2d 282 (1970). Reasonable suspicion results from specific and articulable facts and rational inferences therefrom that reasonably justify an intrusion. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *United States v. Cooper*, 873 F.2d 269, 274 (11th Cir.) (per curiam), *cert. denied*, 493 U.S. 837, 110 S.Ct. 118, 107 L.Ed.2d 79 (1989). Based upon reasonable suspicion aroused by two registered, first-class packages in *Van Leeuwen*, the packages were held by postal officials for twenty-nine hours until a search warrant could be obtained. The packages were opened, inspected, found

to be illegal coins, resealed, and returned to the mail for delivery. The Court concluded that "[d]etention for this limited time was, indeed, the prudent act rather than letting the packages enter the mails and then, in case the initial suspicions were confirmed, trying to locate them en route." *Van Leeuwen*, 397 U.S. at 253, 90 S.Ct. at 1033. The Court emphasized that the privacy interest in the packages was "not disturbed or invaded until the approval of the magistrate was obtained." *Id.* at 253, 90 S.Ct. at 1032.

■ Other circuits have extended *Van Leeuwen* to packages suspected of containing drugs sent by U.S. Mail or private courier services to justify detaining such packages until probable cause for a search warrant could be established by drug detection canines. *See, e.g., United States v. Aldaz*, 921 F.2d 227, 229 (9th Cir.1990) ("Postal authorities may seize and detain packages if they have a reasonable and articulable suspicion of criminal activity."); *United States v. Lux*, 905 F.2d 1379, 1382 (10th Cir.1990) ("A temporary detention of mail for investigative purposes is not an unreasonable seizure when authorities have a reasonable suspicion of criminal activity."); *United States v. LaFrance*, 879 F.2d 1, 4 (1st Cir.1989) (The police seized a Federal Express package containing cocaine "on reasonable suspicion that it contained contraband," and "despite the absence of probable cause at that point, the seizure was lawful."); *United States v. Mayomi*, 873 F.2d 1049, 1053–54 (7th Cir.1989) (When the facts create reasonable suspicion and the time for investigation is reasonable, warrantless detention of sealed envelopes sent to a private mailbox service until probable cause is established by drug detection canines does not violate the Fourth Amendment.); *see Garmon v. Foust*, 741 F.2d 1069, 1074 (8th Cir.1984) ("The risk of the package's disappearance before a warrant could be obtained

outweighed ... [the] interest in possession."). Our circuit has recognized that probable cause arises when a drug-trained canine alerts to drugs. *See United States v. Dunkley*, 911 F.2d 522, 527 (11th Cir.1990) (per curiam), *cert. denied,* 498 U.S. 1052, 111 S.Ct. 765, 112 L.Ed.2d 785, 498 U.S. 1052, 111 S.Ct. 766, 112 L.Ed.2d 785, 498 U.S. 1096, 111 S.Ct. 987, 112 L.Ed.2d 1071 (1991); *United States v. Puglisi*, 723 F.2d 779, 783 (11th Cir.1984); *see also Garmon*, 741 F.2d at 1073 (A canine positively alerting to contraband creates "full probable cause" and "a stronger basis for detention of the package than in *Van Leeuwen*."). This is sufficient probable cause to obtain a search warrant. *See United States v. Goldstein*, 635 F.2d 356, 362 (5th Cir. Unit B Jan. 1981), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 972 (1981). Additionally, we have not required that drug detection canines be maintained on the site of probable criminal activity where the item to be sniffed is located and have allowed a reasonable detention to obtain such a dog. *Cooper*, 873 F.2d at 275–76.

■ In this case, the information from a reliable confidential informant was verified by the post office. The reasonably suspicious package was delayed temporarily until a trained canine could sniff the package for drugs and a warrant could be obtained to open the package. After inspection, the package was resealed and the addressee sent a second notice that he could obtain the package at the post office. The delay, inspection, and renotification occurred on the same day.[1] We conclude that there was reasonable suspicion to delay the package until the drug detection canine could provide probable cause for a search warrant and that obtaining the canine, acquiring the warrant, opening and resealing the package, and renotifying of the addressee were handled expeditiously.[2]

---

1. The First Circuit considers three factors in determining reasonableness of the package detention: 1) diligence of the officers, 2) timeliness of the investigation procedures, such as obtaining a drug detection canine for a sniff test, and 3) information given the owner or possessor of the package. *LaFrance*, 879 F.2d at 8–9. These concerns are met in this case, since the detention, investigation, and renotification of the addressee occurred on the same day.

2. In a similar case, the Fourth Circuit found no legitimate expectation of privacy in a package addressed to someone other than the individual claiming the package, despite the claimer's contention that the package was intended for him. *United States v. Givens*, 733 F.2d 339, 341–42 (4th Cir.1984) (per curiam).

■ We agree with the reasoning of other circuits that have addressed the issues raised in this case. We now hold that reasonable, temporary detention of a reasonably suspicious postal package prior to establishing probable cause for issuance of a search warrant for the time necessary to obtain a drug detection canine or otherwise conduct an investigation does not violate the Fourth Amendment. The district court properly denied Banks's suppression motion.

## III. CONCLUSION

Banks has complained on appeal that the district judge should not have denied his motion to suppress the package that he came to the post office to obtain because it was detained unlawfully prior to the issuance of a search warrant based on probable cause. The district judge correctly determined that there was reasonable suspicion to detain the package until a drug detection canine could establish probable cause for the presence of a controlled substance and a search warrant could be issued. Accordingly, we AFFIRM.