67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harvard REID, Defendant-Appellant.
 No. 94-2286.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1995.
 
 Before: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Harvard Reid pled guilty to attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846; and to laundering of monetary instruments, in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(i), (ii) and Sec. 2, conditioned upon his right to appeal the denial of his motion to suppress. We AFFIRM.
 
 I.
 
 2
 Upon advice that Reid was a narcotics trafficker, Deputy Sheriff Rick Ellington of the San Diego Narcotics Task Force set up surveillance of Reid on November 20, 1993. On November 24, 1993, Reid was seen dropping off a package at a Federal Express office on 1650 47th Street for shipment to a Rosetta Brown at 11384 Longacre Street in Detroit, Michigan. After Reid departed the Federal Express office, a member of the surveillance team entered the office and asked a Federal Express customer agent to see the package dropped off by Reid, pursuant to Ellington's instructions to "keep an eye on the package." The customer agent removed it from the receiving cart where it had been placed in preparation for shipment, and contacted her manager, Ted Pietrzak. Ellington and other officers arrived several minutes later. Pietrzak took the package and the officers to a private office, where they waited for approximately fifteen minutes for a narcotics dog. The dog reacted positively to the box, scratching it and puncturing it with his teeth. Upon the dog's reaction, Pietrzak turned the package over to the agents.
 
 
 3
 Ellington applied for a search warrant and appeared personally before the magistrate judge. He obtained a federal search warrant at approximately 10 p.m. on the evening of November 24th. Nine kilograms of cocaine were found inside the box. Defendant was arrested in Detroit on November 25, 1993, at 11384 Longacre (where the package was addressed), when he accepted delivery of the substituted package for Rosetta Brown.
 
 
 4
 After a three-day evidentiary hearing, the district court denied defendant's motion to suppress evidence of the cocaine found in the package. Defendant entered into a Rule 11(a)(2) plea agreement, reserving the right to appeal the district court's ruling on his motion. This appeal follows.
 
 II.
 
 5
 Defendant argues that the seizure of the package without a warrant and without probable cause violated his Fourth Amendment rights to be free from illegal searches and seizures. We disagree. Upon review of the record, we conclude that the officers had a reasonable articulable suspicion to support the brief detention of the package before the narcotics dog arrived, which later ripened into probable cause when the dog reacted positively to the package; and that the five-hour detention before the search warrant was issued was not unreasonable.
 
 
 6
 Although defendant has a Fourth Amendment privacy interest in his mail, United States v. Jacobsen, 466 U.S. 109, 114 (1984), a temporary detention of mail for investigative purposes is not unreasonable if the authorities have a reasonable and articulable suspicion of criminal activity. United States v. Van Leeuwen, 397 U.S. 249, 252-53 (1970). At the time of the initial detention, Ellington knew that: (1) DEA agents had previously seized $70,000 from Reid at the San Diego Airport, and that Reid admitted that the money was for the purchase of marijuana; (2) San Diego is a source city for drugs; (3) Reid had used a known method for transporting drugs, Federal Express; and (4) Reid had paid for his delivery in cash, from a large roll of bills, and had done the same two weeks prior. Viewed collectively, the officers had a reasonable suspicion that defendant was engaging in drug trafficking.[1] See Terry v. Ohio, 392 U.S. 1, 22 (1968) (brief investigatory detention supported by reasonable suspicion based on specific and articulable facts does not violate Fourth Amendment); United States v. Daniel, 982 F.2d 146, 150 (5th Cir.1993) (although list of "drug package profile" characteristics standing alone might not provide reasonable suspicion, when viewed in aggregate, Terry doctrine was satisfied). Furthermore, the search was not an unreasonable seizure because the drug detection dog arrived within fifteen minutes of the time the package was pulled from the delivery stream. See United States v. Banks, 3 F.3d 399, 401-03 (11th Cir.1993) (reasonable suspicion existed to delay mail package until drug detection dog could establish probable cause), cert. denied, 114 S.Ct. 1097 (1994); Daniel, 982 F.2d at 149-50 (upheld a forty-five minute detention). The dog's positive reaction established probable cause.[2] United States v. Diaz, 25 F.3d 392, 393-94 (6th Cir.1994). Reid was neither detained nor delayed.
 
 
 7
 Finally, the five-hour delay in obtaining a warrant, which included the preparation of a supporting affidavit, was not excessive, especially since the package was not detained until after normal business hours. See Van Leeuwen, 397 U.S. at 253 (upholding on the facts, a twenty-nine hour detention between initial detention and service of warrant; prudent course was to detain packages rather than retrieving them from the mail once suspicions were confirmed); United States v. Respress, 9 F.3d 483 (6th Cir.1993) (ten-hour delay between seizure of suitcase and issuance of warrant given evening hours and length of time needed to prepare affidavit and submit it to magistrate was reasonable).
 
 
 8
 Defendant also argues that the warrant did not particularly describe the items to be seized. This contention is without merit. The application for a search warrant indicated that the special agents sought evidence of violations of 21 U.S.C. Secs. 841(a)(1) and 846 (J.A. at 47), and expressly referenced the "Affidavit" for supporting facts. (Id.) The affidavit specifically mentions "controlled substances" numerous times as well as indicating that the narcotics dog is proficient in the detection of heroin, cocaine, marijuana, and methamphetamine. (Id. at 48-50.) The incorporation by reference here is constitutionally sufficient. United States v. Blakeney, 942 F.2d 1001, 1024 (6th Cir.1991), cert. denied, 502 U.S. 1035 (1992); United States v. Gahagan, 865 F.2d 1490, 1497 (6th Cir.), cert. denied, 492 U.S. 918 (1989).
 
 
 9
 Defendant's remaining contentions do not warrant discussion. For all the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 From a review of the record, we are satisfied that there was sufficient communication between Officers Ryan and Ellington to hold that the collective knowledge of the investigative team created a reasonable and articulable suspicion that Reid was engaged in criminal activity. United States v. Calandrella, 605 F.2d 236, 246 (6th Cir.), cert. denied, 444 U.S. 991 (1979)
 
 
 [2]
 It is well-established that a sniff test is not considered a search under the Fourth Amendment, but merely a temporary detention. United States v. Respress, 9 F.3d 483, 485-86 (6th Cir.1993) (citing United States v. Place, 462 U.S. 696, 707 (1983))