[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 04-15638

_____

D.C. Docket No. 01-00892 CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE PORTER,
a.k.a. Luqman Eliman,
a.k.a. Lugman Eliman,
a.k.a. Ludman Eliman,
ANTHONY FLOWERS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(March 14, 2007)**

Before TJOFLAT, CARNES and HILL, Circuit Judges.

PER CURIAM:

Anthony Flowers and Lonnie Porter and eight others were charged in 2002 with several counts of conspiracy to possess with intent to distribute cocaine and cocaine base, beginning in 1991 and continuing until the summer of 2000. In addition, Porter was charged with money laundering. After a jury trial, Flowers was found guilty of one count of the conspiracy and Porter was found guilty of two drug counts and one money laundering count. The court sentenced Flowers to a statutorily-mandated term of life-imprisonment. Porter received a sentence of 188 months for each count of conviction, to be served concurrently. Flowers and Porter filed timely appeals, which were consolidated for the purposes of oral argument. We shall consider each appeal separately in this opinion.

I.

Lonnie Porter alleges both trial and sentencing error. With respect to his claim of sentencing error, the government concedes that the district court committed *Booker* constitutional error when it engaged in judicial fact-finding in order to determine the amount of cocaine and cocaine base for which Porter was accountable. This error was not harmless beyond a reasonable doubt because the district court stated that if the Sentencing Guidelines were not mandatory, it would have imposed a 151 month sentence instead of the mandatory Guidelines sentence of 188 months per count. Accordingly, we shall remand for re-sentencing on this

2

issue.

As to Porter's other allegation of sentencing error, we find no cause to vacate his sentence. Porter claims that he should have received a two-level reduction under the safety-valve provision of § 2D1.1(b)(6) of the 2000 Sentencing Guidelines. To be entitled to a reduction in sentence under this section, however, Porter must have "truthfully provided the government information about the relevant offense or offenses no later than at the time of the sentencing hearing." Based upon the record, it appears that Porter never satisfied this requirement. Porter admitted at sentencing that he did not provide such a statement by the time of his sentencing hearing. Therefore, the district court did not clearly err by denying a two-level reduction under the safety-valve provision of § 2D1.1(b)(6).

As to Porter's allegations of trial error, we find no grounds for reversal or vacation of his sentence. With respect to his claim that the evidence of guilt was insufficient to convict him because it was limited to showing his "mere presence" during the various drug deals, we note that, while not dispositive, presence is a material and probative fact that the jury may consider in reaching its decision. *United States v. Bain*, 736 F.2d 1480, 1485 (11th Cir. 1984). Furthermore, the government's evidence permitted the jury to infer much more than that Porter was

3

merely present during the conspiracy. At least five witnesses testified that Porter was the organization's Ohio connection and that he sold drugs for the conspiracy there. A law enforcement officer testified that he observed Porter participate in a drug deal and run away when police arrived. There was ample evidence, therefore, from which a reasonable-minded jury could find that Porter participated in the conspiracy. *United States v. Montes-Cardenas*, 746 F.2d 771, 778 (11th Cir. 1984).

With respect to the money laundering charge, Porter contends that the government failed to prove that he was depositing funds into the conspiracy's liquor store commercial account in order to conceal the source of these funds, as required by § 1956(a)(1)(B)(I). Porter contends that, at the most, the government's proof showed that his deposits of drug deal proceeds "promoted" the conspiracy's objectives in violation of 18 U.S.C. § 1957(a), an activity for which he was not charged. We disagree.

The evidence showed that the liquor store was a "front" business, established by the conspiracy to facilitate its drug dealing and to launder the proceeds. The store owned a Western Union account that was used extensively to transfer funds between co-conspirators. The evidence showed that Porter made the charged deposits two days after a particular drug transaction. The deposits

4

were made in amounts that evaded federal reporting requirements. All of these facts were probative evidence from which the jury was permitted to infer that Porter intended to and did conceal the proceeds of illegal drug activity. *See United States v. Magluta*, 418 F.3d1166, 1176 (11th Cir. 2005).

Finally, we find no abuse of discretion in the district court's denial of Porter's motion to sever his trial from Flowers' and for a mistrial. Porter complains that testimony at trial that Flowers was the victim of a gunshot wound during a robbery and had "gang" connections was unfairly prejudicial to him. Although the district court gave a cautionary instruction to the jury that this evidence "pertain[ed] only to the defendant, Anthony Flowers," Porter argues that the jury may have been prejudiced against him because of Flowers' unsavory character and conduct.

The burden to demonstrate prejudice to a defendant from testimony at trial regarding his co-defendant is a heavy one, requiring a demonstration that such prejudice is "compelling." *United States v. Khoury*, 901 F.2d 948, 965 (11th Cir. 1990). Compelling prejudice is demonstrated by a showing that the jury was unable to make an individualized determination as to each defendant and to render a fair and impartial verdict as to each. *United States v. Hogan*, 986 F.2d 1464, 1475 (11th Cir. 1993). We do not agree that the testimony of which Porter

5

complains meets this standard.

Porter has not demonstrated any compelling prejudice. The jury convicted the defendants of different counts, clearly considering the evidence against them separately. Nor does a defendant suffer compelling prejudice simply because the prosecution introduces damaging evidence concerning a codefendant's reputation or criminal record. *United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1993).

Accordingly, as to Porter, we shall affirm his conviction, but vacate his sentence for the limited purpose of allowing the district judge to re-sentence him under the non-binding guidelines.

## II.

Anthony Flowers received a life sentence pursuant to 21 U.S.C. § 841(b) as a result of prior felony drug convictions. He claims that his sentence is due to be vacated because the government did not allege and prove beyond a reasonable doubt that he had prior convictions, and the judge-found fact of these convictions caused him prejudicial error by resulting in a statutorily-required life sentence. We have previously noted that, in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court "held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of

enhancing a sentence." *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004).  Furthermore, we have repeatedly held that, despite *Booker*-like attacks upon it, *Almendarez-Torres* remains good law until and unless it is specifically overruled by the Supreme Court. *United States v. Greer*, 440 F.3d 1267, 1274 (11th Cir. 2006).  Accordingly, the district court did not er in enhancing Flowers' sentence after making its own factual determinations regarding his prior convictions and we shall affirm his conviction.

Flowers alleges numerous errors in the conduct of his trial.  Two merit discussion.

Flowers claims that the district court erred in not suppressing the drug evidence found as the result of a search of his car.  He complains that the officer did not have probable cause to search his car because the dog sniff that prompted it came too late.

The officer had probable cause to stop Flowers' vehicle because he was speeding.  Approximately four or five minutes after the initial stop, and while the first officer was writing the traffic ticket, a backup officer and canine arrived.  The canine sniff, coming only nine minutes into the stop, revealed the presence of drugs in the car, giving the officers probable cause to search the car. *United States v. Banks*, 3 F.3d 399, 401 (11th Cir. 1993).  The duration of this traffic stop was not

7

in itself unreasonable. The dog arrived in a timely fashion and the officer was still writing the ticket when the sniff identified the presence of drugs in the car. This traffic stop and subsequent dog sniff did not violate Flowers' rights under the Fourth Amendment. *See United States v. Perkins*, 348 F.3d 965, 970 (11th Cir. 2003); *United States v. Hardy*, 855 F.2d 753, 761 (11th Cir. 1988).

Flowers' only other allegation of error requiring any discussion is his claim that the district court abused its discretion by permitting the admission of the identification testimony from two of his coconspirators. He argues that the testimony should have been excluded because the in-court identifications were tainted by the witnesses's having seen him in a holding cell in the week prior to their testimony.

Where suggestive pre-trial confrontations have created the possibility of misidentification at trial, the test is whether, under the totality of the circumstances, the in-court identification was reliable. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). In assessing the reliability of the in-court identification, we consider the following factors: "(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime

and the confrontation." *Id.*

In this case, both witnesses had ample opportunity to observe Flowers at the time of the crime, and reason to remember him. Both witnesses had participated in drug deals with Flowers and one stayed in the same house as Flowers at the time of the deal. Although their dealings with Flowers were some time prior to their identification of him, Flowers' counsel cross-examined extensively on this issue as well as the general reliability of their identifications. He specifically questioned them about their pre-trial confrontation of Flowers' in the holding cell. Under the totality of the circumstances, including Flowers' cross-examination, the district court did not abuse its discretion by permitting this testimony.

Finding no merit in any of Flowers' other allegations of error, we shall affirm his conviction.

Accordingly, the convictions of Lonnie Porter and Anthony Flowers are due to be affirmed. Porter's sentence must be vacated and he is remanded for re-sentencing under the advisory guidelines. Flowers' sentence is due to be affirmed.

CONVICTIONS AFFIRMED. PORTER'S SENTENCE AFFIRMED IN PART, VACATED IN PART and REMANDED. FLOWERS' SENTENCE AFFIRMED.