[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12930
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00063-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ED PHILLIP NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 4, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Ed Phillip Nelson appeals his conviction for possession with intent to distribute in excess of five kilograms of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2. He filed a motion to suppress cocaine and cash seized by law enforcement from the car in which he was a passenger. The district court denied the motion to suppress, finding there was probable cause to stop and search the car. On appeal, Nelson argues the court erred in denying the motion to suppress because the Government failed to establish the reliability of the drug-sniffing dog used by the officers who stopped and searched the car. He contends the dog lacked proper certification and training and law enforcement's handling of the dog was flawed. Thus, he asserts, the officers lacked probable cause.

We review a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's findings of fact for clear error and the district court's application of law to those facts *de novo*. *United States v. Ramirez*, 476 F.3d 1231, 1235 (11th Cir.), *cert. denied*, 127 S. Ct. 2924 (2007). The district court's factual findings are construed in the light most favorable to the prevailing party. *United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006). Additionally, the district court's credibility determinations are

given great deference by this Court. *United States v. Clay*, 376 F.3d 1296, 1302 (11th Cir. 2004).

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. It additionally provides "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id.* The Supreme Court has held a canine sniff of luggage in a public place by a "well-trained narcotics detection dog" is not considered a "search" under the Fourth Amendment. *United States v. Place*, 103 S. Ct. 2637, 2644–45 (1983). Because an individual's privacy interest in a car on a public road is reduced, the use of drug-sniffing dogs on the exterior of a car also is not a search. *Merrett v. Moore*, 58 F.3d 1547, 1553 n.11 (11th Cir. 1995). A warrantless search and seizure of a car is permissible when the police have probable cause to believe the car contains contraband. *United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007). In the case of dog sniffs, "probable cause arises when a drug-trained canine alerts to drugs." *United States v. Banks*, 3 F.3d 399, 402 (11th Cir. 1993) (collecting cases).

A dog sniff must be sufficiently reliable in order to establish probable cause, and this reliability is generally present if the dog is "well-trained." *Illinois v. Caballes*, 125 S. Ct. 834, 838 (2005); *United States v. Sentovich*, 677 F.2d 834, 838 n.8 (11th Cir. 1982). Evidence of a dog's training is sufficient proof of reliability. *Sentovich*, 677 F.2d at 838 n.8. In *Sentovich*, we rejected the appellant's argument that "a mere statement that the dog had been trained in drug detection was not enough without an accompanying statement that the dog had proved reliable in the past and that an experienced handler was with the dog," and approved the reasoning of the First and Tenth Circuits that evidence of a dog's training is sufficient. *Id*.

In this case, the evidence regarding the dog's training went beyond a "mere statement" and included certification from a training school, an officer's testimony about subsequent training and his records of the dog's performance, and the testimony of the officer that he was familiar with the dog's reactions because of their prior training together. *See Sentovich*, 677 F.2d at 838 n.8. The district court found the officer's testimony and records about his training credible, and this Court gives great deference to the district court's credibility determinations. *Clay*, 376 F.3d at 1302. Based on the evidence presented during the hearing, the district court did not err when it denied Nelson's motion to suppress on the ground the dog

was reliable and its response provided the officers with probable cause to search the car.

Turning to Nelson's argument that the officer's handling of the dog was flawed, the district court did not err when it accepted the officer's testimony that the dog's change in breathing and body posture indicated the presence of narcotics. The officer testified he had received more than 200 hours of training with drug-sniffing dogs, had been working with the dog in the instant case for nearly a month, and had been a canine handler for five years. Viewing the evidence in the light most favorable to the Government, *Smith*, 459 F.3d at 1290, and considering the great deference this Court gives to the district court's credibility determinations, *Clay*, 376 F.3d at 1302, it was not erroneous for the district court to conclude the officer's testimony about drug-dog handling and the dog's indications was credible, based on his experience with this and other drug-sniffing dogs.

Viewing the evidence in the light most favorable to the Government and considering our previous decision that evidence of a dog's training is sufficient proof of reliability, the district court did not err in the present case in concluding the testimony of an officer about his dog's training, certification, and performance was sufficient proof of the dog's reliability. Thus, because the officers had

probable cause to search the car based on the response of a trained drug-sniffing dog, suppression of the evidence was unwarranted. Based upon the foregoing, we discern no reversible error.

**AFFIRMED.**