[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2012
JOHN LEY
CLERK

No. 11-11396
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00079-MMH-JRK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD B. WILBUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 21, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Clifford Wilbur appeals his convictions of two counts of distributing cocaine base, 21 U.S.C. § 841(a)(1), and one count of possessing with intent to distribute cocaine base, id. Wilbur challenges the denials of his motions for suppression and for a mistrial. We affirm.

The district court did not err when it denied Wilbur's motion to suppress. Because Deputy Russell Martin noticed that Wilbur's vehicle had "extremely dark tinted windows," Martin was entitled to stop Wilbur to determine if his windows were darker than permitted under Florida law, Fla. Stat. §§ 316.2953, 316.2954. See United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999). After Martin stopped his vehicle, Wilbur appeared to be nervous and "overly apologetic" about the windows. Martin determined that the windows were too dark and requested Wilbur's driver's license to prepare a warning citation. When Deputy Gene Tolbert arrived as a backup officer, he recognized Wilbur's name as that of a local drug dealer. Without consulting Martin, Tolbert requested that a canine unit be sent to the scene. Wilbur argues that the officers prolonged the stop unreasonably, but the evidence established that the canine unit arrived within ten to fifteen minutes while Martin was completing a background search and writing the citation. See Illinois v. Caballes, 543 U.S. 405, 409, 125 S. Ct. 834, 838 (2005); see also United States v. Holloman, 113 F.3d 192, 196 (11th Cir. 1997). The drug

2

dog alerted to the presence of drugs in Wilbur's vehicle, which gave the officers probable cause to search the vehicle without a warrant, United States v. Banks, 3 F.3d 399, 402 (11th Cir. 1993), where they discovered in the center console of the vehicle a prescription bottle containing what appeared to be crack cocaine.

The district court also did not abuse its discretion when it denied Wilbur's request for a mistrial. Agent Ryan Johnson of the Drug Enforcement Administration, an expert witness regarding video enhancement and analysis, testified on cross-examination that a video recording of a undercover drug purchase made by a confidential informant that depicted a distinctive mark on the seller's arm and shoulder had the same shape and form as a tattoo depicted in a photograph of Wilbur taken after his arrest. Johnson's testimony was not "so highly prejudicial as to be incurable." United States v. Perez, 30 F.3d 1407, 1410 (11th Cir. 1994). The district court twice instructed the jury to disregard Johnson's testimony, and we presume that the jury followed those instructions. United States v. Lopez, 649 F.3d 1222, 1237 (11th Cir. 2011). Our decision is "further bolstered" by the "significant evidence" that identified Wilbur as the seller. Perez, 30 F.3d at 1411. The confidential informant identified Wilbur unequivocally as the individual who sold the cocaine base, and the confidential informant testified that Wilbur stored the drugs inside a pill bottle that he kept in

3

the center console of his car.  Detective John Brush, who testified that he had known Wilbur for about 18 years, also identified Wilbur's voice on an audio recording of the drug sale.

We **AFFIRM** Wilbur's convictions.