**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1969
_____

ROBERT G. CASON,
                                   Appellant

v.

MIDDLESEX COUNTY PROSECUTORS OFFICE; OLD BRIDGE POLICE
DEPARTMENT; OFFICER G. BRACHT; ANTONIO J. TOTO; PUBLIC DEFENDERS
OFFICE NEWARK NJ; SAYREVILLE POLICE DEPARTMENT; C. TEATOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:22-cv-05503)
District Judge:  Honorable Robert Kirsch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 20, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Robert G. Cason appeals pro se from the District Court order which dismissed his amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, we will affirm.

I

In September 2022, Cason filed a short complaint against the Middlesex County Prosecutors' Office (MCPO) and other state and private Defendants alleging that they had committed fraud and perjury in a court proceeding. After the District Court dismissed the complaint without prejudice for failing to comply with Federal Rule of Civil Procedure 8, Cason filed an amended complaint, adding a few Defendants. Cason's amended complaint is centered upon two documents that the MCPO filed in a civil rights action Cason pursued in D.N.J. Civ. No. 18-cv-2101.[1] The first document was MCPO's June 15, 2021 affidavit and certificate of service at the end of its motion to dismiss, which, according to Cason, falsely asserted that MCPO had served Cason and falsified Cason's signature. The second document was a July 20, 2021 letter from the MCPO asking the District Court relist its motion to dismiss the complaint because Cason had not been properly served. According to Cason, the inconsistency between these two documents is proof of fraud and forgery. He seeks damages based on Defendants alleged violation of (1) 18 U.S.C. § 1001 (making false statements); (2) 18 U.S.C. § 1341 (mail

---

[1] This Court affirmed the dismissal of Cason's amended complaint in D.N.J. Civ. No. 18-cv-2101. See Cason v. Middlesex Cty. Prosecutors Office, C.A. No. 23-1545, 2024 WL 4455675 (3d Cir. Oct. 10, 2024) (per curiam) (not precedential).

fraud); (3) 18 U.S.C. § 1621 (perjury); and (4) 18 U.S.C. § 1623 (making false declarations). He sought monetary damages as relief.

The District Court sua sponte dismissed the amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e). The Court explained that, inter alia, the federal criminal statutes relied upon by Cason did not provide him with a private right of action, and, in any event, that the two documents relied upon by Cason did not show any wrongdoing.

Cason appealed. He also filed in our Court a motion requesting relief from "Circuit Court Judgments and Orders Pursuant to Fed. R. Civ. P. 60(b)."

II

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Cason's amended complaint under 28 U.S.C. § 1915(e)(2). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

III

The District Court correctly dismissed Cason's amended complaint. The criminal statutes on which he relies do not create a private right of action. See Bauer v. Elrich, 8 F.4th 291, 295 (4th Cir. 2021) (no private right of action under 18 U.S.C. § 1621); Lee v. United Stages Agency for Int'l Dev., 859 F.3d 74, 78 (D.C. Cir. 2017) (no private right of action under 18 U.S.C. § 1001); Day v. Bond, 500 F.3d 1127, 1138-39 (10th Cir. 2007) (no private right of action under 18 U.S.C. § 1623); Wisdom v. First Midwest Bank, 167

3

F.3d 402, 407-08 (8th Cir. 1999) (collecting cases and finding no private right of action under 18 U.S.C. § 1341). To the extent Cason complains that the District Court was biased, nothing in the record supports that assertion.

IV

For the foregoing reasons, we will affirm the judgment of the District Court.[2]

---

[2] We have considered all of the arguments Cason made on appeal in Dkt. # 10, 11, 15, and 18 and they do not warrant further discussion. Cason's Rule 60(b) motion is denied.