**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13151

Non-Argument Calendar

————————————

TREKESSA GILLIAM,
　individually,

*Plaintiff-Appellant,*

*versus*

JUSTIN FIELDS,
　Chief of Police, et al.,

*Defendant,*

OFFICER JARI SANDERS,
　in his individual and official capacities,
CITY OF FORT MYERS,
　a governmental entity,
OFFICER NICOLE GREEN,
　in her individual and official capacities,
OFFICER BRANDON BIRCH,
　in his individual and official capacities,
RYAN AMADOR,

in his individual and official capacities, et al.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cv-00990-SPC-NPM

————————————

Before NEWSOM, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Trekessa Gilliam ("Gilliam") appeals the district court's order granting Appellees' (City of Fort Myers, Jason Fields, Jari Sanders, Nichole Greene, Harrison Williams, Brandon Birch, Eric Salter, Ryan Amador, James Moschella and Gregory Reddington; referred to individually or collectively as "Defendants") motion to dismiss Gilliam's third amended complaint alleging civil rights violations against her during a traffic stop in which she was a passenger in a vehicle. Gilliam alleges that the district court erred in granting the motion to dismiss with prejudice, that the district court erred when it considered body-worn and vehicle camera footage, and that the district court erred in dismissing her claims under the Fourth and Fourteenth Amendments. Gilliam also appeals the district court's order denying her motion to reconsider. Having read the parties' briefs and reviewed the record, we affirm the district court's orders dismissing Gilliam's complaint with prejudice and denying her motion to reconsider.

**I.**

Gilliam was a passenger in a vehicle that Officer Jari Sanders stopped for an illegal window tint violation.  The entire incident was recorded by law enforcement body-worn and vehicle cameras. When the officers initiated the stop, they observed both Gilliam and the driver, with whom they were familiar, making furtive movements.  The officers asked the driver and Gilliam to step out of the vehicle so they could conduct a free air-sniff of the vehicle.

The law enforcement canine conducted the free air-sniff, which took about one minute, while another officer was writing a ticket for the illegal window tint violation.  The canine alerted to the rear passenger door of the vehicle, directly behind where Gilliam had been seated.  The officers conducted a search of the vehicle and detected contraband in the front, middle console area of the vehicle and near the rear passenger door, which field tested positive for cocaine.  A subsequent search of the driver revealed a white substance on the driver's sandal and foot, which also field tested positive for cocaine with a presumptive field test kit.  The officers searched Gilliam's purse and searched her person but did not perform a cavity search.  The entire incident occurred within approximately 20 minutes.

Gilliam filed a complaint, then an amended complaint, which the district court dismissed for typos, incorrect spelling, and mislabeling of Defendants.  Gilliam filed a third amended complaint, which is the subject of this appeal.  The district court dismissed the third amended complaint with prejudice because it found the complaint to be a quintessential shotgun pleading.  *See*

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (stating that a shotgun pleading violates Rule of Civil Procedure 8 because it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests").  The district court found that the third amended complaint contained multiple counts where each count adopted the allegations of the preceding counts, and it did not specify which Defendant was responsible for which act or omission.  The district court also found that Gilliam used group pleading, even though the claims against each Defendant are distinct.  Further, the district court noted that it had given Gilliam a chance to fix the deficiencies, but she failed to comply.

Moreover, the district court determined that the body-worn and vehicle cameras showed that Gilliam could not plausibly state a claim for relief.  The district court noted that it may consider a document or other evidence under the incorporation-by-reference doctrine if it is central to the plaintiff's claims and its authenticity is not challenged.  *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1300-01 (11th Cir. 2024) (affirming the district court's consideration of bodycam footage at the motion to dismiss stage because its authenticity was not challenged); *see also Swinford v. Santos*, 121 F.4th 179, 187 (11th Cir. 2024) (extending the incorporation-by-reference doctrine to include body camera footage).  The district court concluded that the video footage, which Gilliam did not challenge as to its authenticity, contradicted Gilliam's Fourth Amendment claims of an illegally prolonged traffic stop and an illegal search.

The district court also concluded that the video footage undermined Gilliam's equal protection claim and battery and intentional infliction of emotional distress claims.  Because the district court determined that Gilliam's claims against the individual officers failed, it reasoned that her claims against the city also failed, as did her claims under the Florida Constitution.  Thus, the district court dismissed Gilliam's claims with prejudice.

## II.

"We review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

This court reviews for abuse of discretion a district court's order denying a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  *Swinford*, 121 F.4th at 186.

## III.

### A.  Motion to Dismiss

Gilliam argues that the district court erred in dismissing her third amended complaint with prejudice because it incorrectly determined that her complaint was a shotgun pleading.  Gilliam contends that her complaint complied with Rule 8(a) and gave the Defendants fair notice of what her claims were and the grounds upon which the claims rested.  Gilliam notes that each count was separately numbered, each count identified the specific Defendant as the wrongdoer, and each count was supported by facts and legal theory.  Gilliam reasons that because the Defendants were able to

file a detailed motion to dismiss, they had sufficient notice of each count and the grounds of support for each count.

A review of the record demonstrates that the district court did not err in dismissing Gilliam's third amended complaint because it determined that the complaint was a shotgun pleading. The pleading lacked the clarity and specificity required by the rules of civil procedure and imposed an undue burden on the Defendants. *Weiland*, 792 F.3d at 1320 (identifying four narrow categories of shotgun pleadings: (1) those failing to separate each cause of action into a distinct count; (2) those incorporating all preceding paragraphs into each count; (3) those failing to specify which defendants are responsible for which acts; and (4) those asserting multiple claims against multiple defendants without clear factual bases for each). Gilliam's complaint contained group pleading and improperly joined Defendants together without alleging specific conduct as to each Defendant. The district court gave Gilliam prior warnings and an opportunity to amend, but she failed to cure the defects. *Vibe Micro, Inc.*, 878 F.3d at 1296. Thus, we conclude that the district court properly found the complaint to be a shotgun pleading and dismissed it with prejudice.

### B. Video Footage

Gilliam asserts that the district court erred by resolving factual issues contained within the video footage that was not part of the pleadings because the district court was confined strictly to the allegations in the complaint. Gilliam claims that the district court's ruling effectively converted the motion to dismiss into one for

summary judgment without giving notice or allowing discovery, and this was in error.

The record demonstrates that the district court did not err in applying the incorporation-by-reference doctrine to consider the law enforcement body-worn and vehicle camera footage submitted in support of the Defendants' motion to dismiss. At this stage, "a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims, and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th at 1300. Gilliam did not contest the authenticity of the video footage.

This court has extended this doctrine beyond written instruments to include body camera footage. *Baker v. City of Madison*, 67 F.4th 1268, 1277-78 (11th Cir. 2023). This court directed lower courts to accept the video's depiction instead of the plaintiff's account of the incident and "view the facts in the light depicted by the video." *Id.* at 1278. The video footage depicted the incident underlying Gilliam's claims from multiple vantage points, with both visual and audio components. Thus, we conclude that the district court properly considered the video footage at the dismissal stage.

Contrary to Gilliam's claim, the district court correctly determined that the video footage contradicted and defeated her claims that the stop was prolonged, and the officers did not have probable cause to search her. When the officers confirmed that the

car's tint was in violation of the law, an officer began to write a ticket. Another officer observed Gilliam and the driver make furtive movements and asked for them to exit the vehicle so the officers could conduct a free-air sniff of the vehicle. The law enforcement canine was already on the scene and began the sniff about four minutes after the officers made initial contact with Gilliam and the driver. The canine alerted to possible contraband, which gave the officers probable cause to search for contraband. *See United States v. Banks*, 3 F.3d 399, 402 (11th Cir. 1993) (probable cause arises when drug-trained canine alerts to drugs).

Once the officers detected contraband in the vehicle, they searched the driver and found a white substance on his sandal and foot that field tested positive for cocaine. This gave them probable cause to search Gilliam's person because there was a fair probability, considering the totality of the circumstances, that a search of Gilliam would yield evidence of a crime. *Florida v. Harris*, 568 U.S. 237, 243-44, 133 S. Ct. 1050, 1055-56 (2013). Further, the search of Gilliam's person took approximately one minute. Thus, we conclude from the record that the district court properly determined that the video undermined Gilliam's claims of an unlawful traffic stop and unlawful search.[1]

---

[1] We also conclude, based on the record, that the district court properly utilized the video footage to dismiss Gilliam's equal protection claim and her claims for battery and intentional infliction of emotional distress. The officers did not search Gilliam, a female, any differently than they did the driver, a male. Additionally, there was no evidence that Officer Greene acted maliciously in searching Gilliam's person, or that there was any evidence depicting

### C. Motion to Reconsider

Gilliam contends that the district court abused its discretion in denying her motion to reconsider because the district court misapplied governing standards and overlooked controlling precedent. Gilliam asserts that her motion demonstrated that the dismissal order rested on legal and factual errors including reliance on materials outside the pleadings and misapplication of the shotgun pleading label.

The only grounds for granting a motion to reconsider are "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The motion failed to provide either ground; rather, it raised the exact same arguments Gilliam had asserted in prior filings. Based on a review of the record, we conclude that the district court did not abuse its discretion in failing to grant Gilliam's motion to reconsider because it lacked merit.

---

conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Plowright v. Miami-Dade Cnty.*, 102 F.4th 1358, 1368 (11th Cir. 2024) (quotation marks omitted). Furthermore, because we conclude that the district court correctly determined that Gilliam did not plausibly state Fourth Amendment, equal protection, battery or intentional infliction of emotional distress claims, her claims against the city and her Florida Constitution claims necessarily fail. *See Teel v. Lozada*, 99 F.4th 1273, 1288 (11th Cir. 2024) (rejecting a *Monell* claim where no constitutional violation was found); *Johnston v. Tampa Sports Auth.*, 530 F.3d 1320, 1326-27 (11th Cir. 2008) (analysis of claims under the Fourth Amendment applies equally to claims under the Florida Constitution).

## IV.

The record demonstrates that the district court did not err in granting Defendants' motion to dismiss with prejudice because the complaint was a shotgun pleading. The district court gave Gilliam opportunities to correct the deficiencies in her complaint and she failed to comply. Moreover, we conclude that the district court did not err in considering the video footage of the incident in question and relying on it to find that Gilliam's claims of civil rights violations were unmerited. We further conclude that the district court properly denied Gilliam's motion to reconsider because she did not present newly-discovered evidence to support her motion.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Gilliam's complaint with prejudice and denying Gilliam's motion to reconsider.

**AFFIRMED**.